UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------ x
ROBERT E. GARCIA, *pro se*,

       Plaintiff,

   -against-

DIVISION OF PAROLE EXECUTIVE
DEPARTMENT; NYS DEPARTMENT OF
CORRECTIONS; MICHAEL FALK,
AREA SUPERVISOR, QUEENS PAROLE
III; PAROLE OFFICER MRS. AMES;
PAROLE OFFICER MR. V. SUERO; SR.
PAROLE OFFICER MR. R. CHONG; SR.
PAROLE OFFICER C. BENJAMIN,

       Defendants.
------------------------------------------------------ X

**SUMMARY ORDER**
09-cv-2045 (DLI) (LB)

**DORA L. IRIZARRY, United States District Judge:**

  Plaintiff Robert E. Garcia, appearing *pro se*, brought this action under 42 U.S.C. § 1983 against the New York State Division of Parole, the New York State Department of Corrections, and five parole officers, alleging that the New York State Division of Parole imposed an illegal term of post-release supervision.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for all purposes pertaining to this matter is granted. For the reasons set forth below, plaintiff's claims against defendants the New York State Division of Parole and the New York State Department of Corrections are dismissed. Plaintiff's remaining claims will proceed.

---

[1] The United States District Court for the Southern District of New York granted defendant's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 only to the extent that the filing fees were waived, and transferred the instant complaint to this court by order dated April 27, 2009.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Liner v. Goord*, 196 F.3d 132,134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

The court holds pro se petitioner's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will interpret the petition to raise the strongest arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

## DISCUSSION

The Eleventh Amendment bars claims by private citizens against New York state. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). New York's sovereign immunity was not waived or abrogated by the enactment of Section 1983. *See Abrahams v. Appellate Div.*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977) and *Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

State agencies such as the New York State Department of Corrections and Division of Parole "are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest." *Santiago v. N.Y.S. Dep't of Corr. Serv.*, 945 F.2d 25, 28 n.1 (2d Cir. 1991) (citations omitted).

Accordingly, suits for money damages against state agencies such as the New York State Department of Corrections and the New York State Division of Parole are barred by the Eleventh Amendment. *See Jude v. New York State*, No. 07 Civ. 5890, 2009 WL 928134, at *3 (S.D.N.Y. Mar. 30, 2009); *Denis v. N.Y.S. Dep't of Corr. Serv.*, No. 05 Civ. 4495, 2006 WL 217926, at *12 (S.D.N.Y. Jan. 30, 2006); *Allah v. Juchnewioz*, No. 93 Civ. 8813, 2003 WL 1535623, at *3 (S.D.N.Y. Mar. 24, 2003). Therefore, plaintiff's claim for money damages against these state agencies must be dismissed pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

Plaintiff's claims against the New York State Division of Parole and the New York State Department of Corrections are dismissed. *See* 28 U.S.C.§ 1915A(b). Plaintiff's remaining claims against defendants Falk, Ames, Suero, Chong and Benjamin shall proceed. The Clerk of Court is directed to issue a summons and the United States Marshals Service is directed to serve these defendants with a copy of the summons and complaint. A courtesy copy of the summons, complaint, and this order shall be served upon the New York State Attorney General. The case is referred to United States Magistrate Judge Lois Bloom for all pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
      August 3, 2009

                                        /s/
                                DORA L. IRIZARRY
                          United States District Judge