UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

ROBERT E. GARCIA,

                                       **ORDER**
                                       **09 CV 2045 (DLI) (LB)**

                        Plaintiff,

           -against-

MICHAEL FALK, Area Supervisor, Queens
Parole III; PAROLE OFFICER MRS. AMES;
PAROLE OFFICER MR. V. SUERO;
SR. PAROLE OFFICER MR. R. CHONG;
SR. PAROLE OFFICER C. BENJAMIN,

                        Defendants.

--------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

A copy of a document filed by the New York City Department of Corrections in this case

was mailed to plaintiff on November 5, 2009 at the address on Rikers Island listed in his

complaint, and has since been returned as undeliverable. See documents 14, 16. A review of the

New York City Department of Correction Inmate Lookup Service reveals that plaintiff is no

longer incarcerated at Rikers Island.[1] The Court has no other address for plaintiff.

When a party changes addresses, it is that party's obligation to notify the Court of the

new address. See Concepcion v. Ross, No. CV-92-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct.

27, 1997). This rule applies to not only to represented parties but also to *pro se* litigants. See id.,

at *1; see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20,

1996) (explaining that the duty to inform the court and defendants of current address is "an

obligation that rests with all *pro se* plaintiffs"). When a *pro se* litigant fails to provide the court

---

[1] See http://a072-web.nyc.gov/inmatelookup/inmateLookup.do (last visited Dec. 30, 2009).

with notice of a change of address, a court may deny the litigant's request for relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Plaintiff has not informed the Court of his current address, and the Court has no way to contact plaintiff. If plaintiff fails to contact the Court with his current address by January 30, 2010, I shall recommend that his case should be dismissed without prejudice.

SO ORDERED.

S/ Hon. Lois Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: December 30, 2009
        Brooklyn, New York